Filed 9/26/13  Marriage of Nussbaum CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of<br>  JONI and RICHARD NUSSBAUM,<br>_____<br><br>JONI NUSSBAUM,<br><br>          Respondent,<br><br>     v.<br><br>RICHARD NUSSBAUM,<br><br>          Appellant. | B243629<br><br>(Los Angeles County<br>Super. Ct. No. BD317210) |

APPEAL from a judgment of the Superior Court of Los Angeles County. David S. Cunningham III, Judge.  Affirmed.

_____

Law Offices of Peter J. Porter and Peter J. Porter for Appellant.

Brian M. Moore, a Law Corporation and Brian M. Moore for Respondent.

_____

Richard Nussbaum appeals from an order on the motion of Joni Elson (formerly Joni Nussbaum) to determine spousal support arrearages. The sole issue he raises on appeal is a challenge to the superior court's interpretation of a particular spousal support provision of the judgment. We affirm.

BACKGROUND

On July 14, 2005, the superior court entered a status-only judgment of dissolution of the marriage of Nussbaum and Elson, reserving jurisdiction over all other issues. Several years later, the parties negotiated a resolution of the remaining issues, and on June 29, 2009, the court entered a stipulated judgment, approved by both Nussbaum and Elson as to both form and content, reflecting the parties' agreement.

Paragraph 19 of the judgment specifies the amounts Nussbaum is required to pay Elson "as and for spousal support." Under paragraph 19(b), he is to pay her "$4,000.00 per month payable one-half on the first and one-half on the fifteenth day of each consecutive month commencing effective January 1, 2009 and continuing until death of either party, [Elson's] remarriage, or further order of court."

Paragraph 19(b) provides in relevant part as follows: "As and for additional spousal support for the benefit of [Elson], [Nussbaum] shall pay to [Elson] 32% of his 'gross income' (as defined hereinbelow) in excess of $200,000 each calendar year, except that the amount of such additional spousal support due from [Nussbaum] to [Elson] shall be reduced by 32% of [Elson's] 'gross income' in excess of $30,000.00 during that subject calendar year. However, [Nussbaum's] maximum obligation for additional spousal support under this paragraph 19b shall not exceed $75,000.00 for any calendar year (in addition to the $48,000 per year due under paragraph 19a above). For purposes of this paragraph 'gross income' of either party shall include all pre-tax income (without deductions for taxes, expenses, or otherwise) received by, paid to, or on behalf of either party, from all sources; except that there shall be a presumption, pending further order of court, that 20% of any 1099 self-employment income is needed for reasonable and legitimate business expenses pertaining to said income and accordingly, in calculating 'gross income,' only 80% of the total 1099 self-employment income shall be used.

Any sums due under this paragraph 19b shall be payable no later than March 1 of the following year. On or before February 5 of such following year, each party shall provide the other with copies of his or her W2 forms, 1099 forms, K1 forms, state income tax returns, and federal income tax returns for the prior calendar year and, to the extent such documents do not evidence any income, an additional written explanation of such additional income which may have occurred."

On June 7, 2011, Elson filed a motion to determine spousal support arrearages and for attorney fees and costs. Elson contended that Nussbaum did not timely provide the documentation required by paragraph 19(b), eventually provided it only after repeated requests, and had yet to pay any additional spousal support even though his own financial documents showed that at least some was owed.

Nussbaum filed written opposition to Elson's motion. In it, he argued that certain funds he had received from an individual retirement account he inherited from his mother should not be counted as "gross income" within the meaning of paragraph 19(b). He also argued that his employer's contributions to his 401(k) plan should not be counted as "gross income" within the meaning of paragraph 19(b). He did not argue that the $48,000 he paid to Elson as spousal support under paragraph 19(a) should be counted as part of Elson's "gross income" for purposes of paragraph 19(b).

At the hearing on Elson's motion, Nussbaum's counsel argued that if Nussbaum's inherited individual retirement account funds should count toward his "gross income," then the $48,000 he paid to Elson as spousal support under paragraph 19(a) should count toward her "gross income" as well. ("So, you know, what is fair on one side has to be fair on the other.") The court resolved all of the other issues in Elson's favor but invited further briefing and continued the hearing on the issue of whether the $48,000 paid to Elson as spousal support under paragraph 19(a) should count as part of her "gross income" under paragraph 19(b). The court also invited the submission of additional declarations concerning the intended meaning of paragraph 19(b). Both parties filed additional briefs and declarations, and no party objected to the admission of any of the declarations.

3

Elson's counsel, who represented her both in the negotiations leading to the stipulated judgment and in the present arrearage proceedings, stated in his declaration that, as best he could recall, "the negotiations pertinent to the spousal support provisions of the [j]udgment took place between counsel for the parties; that is, there was no 'four way meeting' between both parties and counsel which formed the basis of the spousal support provisions." He further stated that it was Nussbaum's counsel who "brought up the subject that [Elson] might develop employment earnings, over a course of time, as she got established, in excess of $30,000 and they thought that the spousal support should be reflective of any such earnings she might have in excess of a certain sum. I believe it was [Nussbaum's] attorney who suggested we use the same percentage (32%) figure for each party's income in paragraph 19b. This concept was readily agreed to because it only seemed fair that if [Elson] started earning substantially more income, the spousal support obligation should be reduced to some extent to reflect that. [¶] The concept of counting spousal support as 'income' of [Elson] for purposes of this reduction in spousal support under paragraph 19b was never discussed and, to the best of my knowledge, was never considered or contemplated." (Bold and underlining omitted.) The declaration further noted that spousal support arrearage determinations in 2010 and 2011 did not count the $48,000 spousal support paid to Elson as part of her "gross income" under paragraph 19(b), and Nussbaum never objected to those calculations on that basis.

Nussbaum stated in his declaration that he "was closely involved in the discussions that preceded the preparation and execution of the [s]tipulated [j]udgment entered in this matter," though he did not explain precisely what that means. He further asserted that it was his "specific understanding that the calculation of any additional spousal support owed by me to [Elson] would include the taxable income paid to her as and for regular spousal support." He also stated the following: "It was my belief, until brought to my attention of late, that the prior year calculations of additional support included the amount of spousal support actually received by [Elson] in each year. The fact that I may have overlooked said fact in the past, is not a basis to conclude that is evidence of the meaning of 'gross income' as defined in the [j]udgment."

4

At the continued hearing on May 9, 2012, the court ruled in favor of Elson, concluding that the $48,000 paid to her as spousal support under paragraph 19(a) was not part of her "gross income" for purposes of paragraph 19(b). The court entered a signed order to that effect on July 2, 2012. Nussbaum timely appealed.

DISCUSSION

On appeal, Nussbaum argues that the relevant provisions of paragraph 19(b) of the stipulated judgment are not ambiguous, so their meaning must be "ascertained solely from the language employed" rather than through resort to extrinsic evidence of the parties' intent. Nussbaum forfeited this point by failing to raise it in the trial court, and he affirmatively invited the putative error by introducing his own extrinsic evidence concerning the meaning of paragraph 19(b). (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826; *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403.) In any event, we find the argument to be unpersuasive on the merits. Paragraph 19(b) defines "gross income" in terms of "income" ("all pre-tax income (without deductions for taxes, expenses, or otherwise) received by, paid to, or on behalf of either party, from all sources"), but it does not define "income." It is consequently ambiguous as to whether "income" (and hence "gross income") includes the $48,000 in spousal support paid to Elson under paragraph 19(a).

Because extrinsic evidence of the meaning of paragraph 19(b) of the stipulated judgment was properly admitted, and that evidence was conflicting, we review the superior court's interpretation under the substantial evidence standard. (*In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 746-747.) Elson's counsel's declarations constitute substantial evidence supporting the superior court's interpretation, and Nussbaum does not argue to the contrary. We must therefore uphold that interpretation as long as it is reasonable. (*Ibid.*) We conclude that it is.

If Nussbaum's interpretation were correct, then in every year in which Nussbaum paid Elson the full $48,000 that was required under paragraph 19(a), his additional spousal support obligation under paragraph 19(b) would be reduced by 32 percent of $18,000 (i.e., by $5,760), and it would then be further reduced by 32 percent of *all* of

5

Elson's other income, not just the portion of other income in excess of $30,000. Nussbaum offers no explanation as to why the parties would have intended his additional spousal support obligation to be offset by the base spousal support that he was independently obligated to pay every year, and we can think of none. The explanation offered by Elson's counsel for his interpretation, in contrast, makes sense: The point of the offset provision in paragraph 19(b) was to adjust Nussbaum's additional spousal support obligation if Elson's non-spousal-support income (such as earnings) exceeded a certain threshold, specified as $30,000.

For all of the foregoing reasons, we conclude that the superior court's interpretation of paragraph 19(b) is reasonable and is supported by substantial evidence. We must therefore affirm the court's order.[1]

---

[1] Nussbaum also argues that ambiguities must be resolved against the drafter (apparently Elson's counsel), but the argument lacks merit. The stipulated judgment was concededly the product of extensive negotiations, and the record contains no evidence that Elson rather than Nussbaum (or both) caused the ambiguity to exist. (See *County of San Joaquin v. Workers' Comp. Appeals Bd.* (2004) 117 Cal.App.4th 1180, 1186.)

## DISPOSITION

The order is affirmed.  Respondent shall recover her costs of appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, J.

We concur:


MALLANO, P. J.


JOHNSON, J.

7